GREENBELT-NIGHT BOX

2017 MAR 31  PM 6:40
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

ALICIA N. WATKINS,

Plaintiff,                          )

v.                                  )

                                    )        Case No._____

                                    )

                                    )        **TRIAL  BY JURY DEMANDED**

GUARDIANS OF VALOR LLC              )

ANTHONY ANDERSON JR.                )

STEVE MAYNE                         )

AIR FORCE AMN/NCO/SNCO              )

ROKDROP.NET, MEDIUM.COM             )

FUNKER530.COM,                      )

Defendants.

ENTERED
FILED       RECEIVED
LOGGED

MAR 3 1 2017

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

## COMPLAINT

COMES NOW Plaintiff, Alicia N. Watkins, and respectfully states her Complaint
against Defendants, Guardians of Valor, Anthony Anderson Jr., Steve Mayne (Air
Force Amn/NCO/SNCO),ROKDROP.NET, MEDIUM.COM, FUNKER530.COM as
follows:

1.      This Complaint arises from the defendants malicious publication of an
article with the sole intent to defame, discredit and malign Alicia N. Watkins ("Ms.
Watkins") and present her in a false light because she was a black woman offered a
job opportunity by then Republican Presidential Candidate Donald J. Trump. Ms.
Watkins is a disabled 9/11 Survivor, formerly homeless veteran and wounded
warrior who attended a Trump presser to advocate for homeless and jobless
veterans.

## PARTIES

2.    Ms. Watkins is an individual who resides in Maryland.

3.    Guardians of Valor, LLC is a publication organized and existing under the laws of the State of the South Carolina with its principal place of business being located in South Carolina.

4.    Mr. Anderson is an individual residing in South Carolina.

5.    Steve Mayne, MEDIUM.COM, ROKDROP(ROK), and FUNKER530 (530) have avoided all attempts to ascertain their state of residency.

## JURISDICTION AND VENUE

6.    Ms. Watkins is a citizen of the State of Maryland for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7.    GOV LLC and Mr. Anderson are citizens of South Carolina for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.    ROK, MEDIUM, 530, Steven Mayne, and his website AMN/NCO/SNCO is a citizen outside the state of Maryland for purposes of diversity under 28 U.S.C. § 1332.

9.    This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there exists a complete diversity of citizenship between Ms. Watkins, and all Defendants and the amount in controversy exceeds Seventy- Five Thousand Dollars ($75,000.00), exclusive of interest and cost

10.    GOV LLC, Mr. Anderson and Mr. Mayne and Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**INTRODUCTION**

12.     Government corruption is finally being exposed as active duty military personnel, government employees, and media outlets are being blasted for their illegal exposure of information. Guardian Of Valor (GOV LLC) ROK, and 530 published a knowingly false and defamatory series of articles entitled "*What We Know About the Alicia Watkins, Donald Trump Situation", Stolen Valor Suspected In "You're Hired Trump Campaign Event"*, "*Hey Air Force Lady, Got Hit With an IED? Be a Lot Cooler If You Did."   "Air Force Personnel Records Show That Alicia Watkins Lied About Her Background"*

13.     The purpose of the Defendants article, title, and postings were maliciously designed to cast Ms. Watkins in a false light and make a name for themselves. The needed Ms. Watkins for website click bait and to increase their websites. The false, suggestive, and defamatory statements published by GOV LLC conveyed to the average viewer, listener, and reader that Ms. Watkins was that she either lied about her credentials and/or lied about her claim to be both an Iraq and Afghanistan War Veteran and a 9/11 Survivor. President Trump's selection and instant generosity to Ms. Watkins as a black woman, scattered the racist and misogynistic narrative spun by the media during the time, which was the sole motivation of the Defendants to defame Ms. Watkins to President Trump. The Defendants, first violated the Privacy Act of Ms. Watkins and then published false information about Ms. Watkins and her service record. The portrayal of Ms. Watkins in the articles is false and purposely casts Ms. Watkins in a false light, an invasion of privacy, and was known to be false and an invasion at the time of publication.

14.     The statements, lies, and insinuations leveled toward Ms. Watkins were reckless, vile, and devoid of any decency or concern for Ms. Watkins's reputation, livelihood or mental disability.

15.     If the Defendants had just waited for the truth and not been obsessed

with greed, viewers and readers would know Ms. Watkins history. Her struggles with Traumatic Brain Injury, veteran suicide and Post Traumatic Stress Disorder (PTSD). This information was easily available and blatantly known to the Defendants. Reporting these facts would not favor the lawsuit Ms. Watkins had against the military so they were not told. It also wouldn't satisfy the insatiable appetite these "kind" of websites.  Instead a malicious and sloppy story was developed and told and quoted over and over again to the detriment of Ms. Watkins's 18-year, and previously impeccable reputation.

16.     The goal of the Defendant's article was not to present an accurate or fair picture of Ms. Watkins's, her credentials, her image, or her service record. The Defendants first published the article and then tried to align the facts to fit his libelous article.

17.     The false and defamatory publication abandons Federal privacy violations and Air Force Public Affairs regulations, journalistic integrity and ethics to project their political bias and dishonesty onto the American public. These sites are just illegal sewers of Privacy Act violations and they must be stopped. The attacks went from ridiculous to childish and insane and Ms. Watkins was an innocent victim of their agenda.

18.     The false and defamatory statements were published by the Defendants in online videos, online articles, and social media posts. They were shared thousands of times on social media. They enjoyed the instant attention.

19.     The false and defamatory statements assassinated Ms. Watkins's character and damaged her reputation and interfered with her business relationships. The goal was to pay their pockets and increase we traffic.

20.     In publishing the false and defamatory accusations against Ms. Watkins, the Defendants abandoned, privacy through illegal means, journalistic

and literary integrity and ignored fundamental standards of editorial and ethical conduct by publishing false and defamatory accusations with actual malice.

21.     As a result of its conduct as herein described, The Defendants crossed the threshold from speech protected by the First Amendment to enter the arena of actionable defamation and false light or which it must be held legally accountable.

## CAUSE OF ACTION FOR FALSE LIGHT INVASION OF PRIVACY-ALL DEFENDANTS

22.     Ms. Watkins incorporates by reference paragraphs 1-21 of this Complaint as though the same were set forth herein in their entirety.

23.     On  March 31 2016, GOV LLC published an article about Ms. Watkins which purposely cast Ms. Watkins in a false light. It also provided private information purposely unreleased to the public and that information was incorrect and known to be incorrect at the time. It also suggested that Ms. Watkins lied about her service record instead of the truth. The information was illegally obtained from Air Force Public Affairs Spokesperson Mike Dickerson who illegally defied Federal Regulations to provide the Defendnts with the illegal information and invasion of Ms. Watkins's privacy.

## CAUSE OF ACTION FOR DEFAMATION-ALL DEFENDANTS

24.     Ms. Watkins incorporates by reference paragraphs 1-23 of this Complaint as though the same were set forth herein in their entirety.

25.     On March 31st, Defendants published an articles entitled "*What We Know About the Alicia Watkins, Donald Trump Situation*", *Stolen Valor Suspected In "You're Hired Trump Campaign Event"*, *"Air Force Personnel Records Show That Alicia Watkins Lied About Her Background"*, "*Hey Air Force Lady, Got Hit With an IED? Be a Lot Cooler If You Did*" in which the entire article was a defamatory portrayal of Ms. Watkins by the Defendants and conveyed a grossly inaccurate and false impression of Ms. Watkins and her reputation and livelihood. The substance of the Defendant's articles is false and defamatory per se that Ms. Watkins is a fraud that has lied about her service for the sake of publicity.

26.     The Defendants articles constitutes libel and/or slander per se in that it directly and/or implicitly imputes actions to Ms. Watkins that injure her in her professional reputation. Watkins was harassed and received death threats as a result of the articles. She was subject to public scorn and ridicule.

27.     The Defendant's article constitutes libel and/or slander per se in that it directly and/or implicitly imputes actions to Ms. Watkins that are defamatory and injurious to her reputation on their face and can be so understood without reference to any additional or extrinsic facts.

## PUBLICATION WITH ACTUAL MALICE- ALL DEFENDANTS

28.     Evidencing a reckless disregard for truth or falsity, Defendants knowingly and purposely avoided the truth and ignored evidence establishing the falsity of the AFT article prior to publishing it.

29.     Evidencing a reckless disregard for truth or falsity, Defendants published accusations against Ms. Watkins that were so inherently improbable on their face as to raise serious doubts about their truth.

30.     Evidencing a reckless disregard for truth or falsity, Defendants published accusations against Ms. Watkins that were so outrageous on their face as

to raise serious doubts about their truth.

31.    Evidencing a reckless disregard for truth or falsity, Defendants published accusations against Ms. Watkins that clearly contradicted known facts and Privacy Act violations.

32.    Evidencing a reckless disregard for truth or falsity, Defendants published accusations against Ms. Watkins based solely on sources that were known to be biased, unreliable and incorrect.

33.    Evidencing a reckless disregard for truth or falsity, Defendants published accusations against Ms. Watkins without conducting even a cursory investigation, which failure constitutes gross negligence.

34.    Defendants had actual knowledge that the facts against Ms. Watkins were false prior to publication. Defendants intentionally manipulated facts to fabricate its obsession to malign Ms. Watkins from her lawsuit. Defendants repeatedly refused to retract or correct—and instead doubled-down on—the false and defamatory statements and posted them on social media.

35.    Despite all the information—specifically available to Defendants steadfastly refused to retract or correct their defamatory statements thereby greatly expanding the audience that saw them and magnifying the damage to Ms. Watkins. Moreover, Defendants has willfully and maliciously kept their articles and social media posts publicly available online to this day.

## CAUSE FOR ACTION INTENTIONAL INFLICTION OF

## EMOTIONAL DISTRESS

36.    Ms. Watkins incorporates by reference paragraphs 1-35 of this Complaint as though the same were set forth herein in their entirety.

37.    The tort of intentional infliction of emotional distress has four

elements:

(1) the defendant must act intentionally or recklessly;

(2) the defendant's conduct must be extreme and outrageous; and

(3) the conduct must be the cause

(4) of severe emotional distress. Hyatt, 943 S.W.2d at 297.

38.    The defendant's conduct was more than malicious and intentional; the Defendants attacked Ms. Watkins because she was a black woman. The race of all known Defendants are all white males which is why Ms. Watkins was attacked.

39. Implying that Ms. Watkins was not a 9/11 Survivor, homeless, or a wounded warrior and that all her painful accounts of 9/11 were attention seeking lies were of suicidal magnitudes to Ms. Watkins, who has suffered severe PTSD from 9/11.

40.    The Defendant's behavior, as described in plaintiff's petition, was not just mean-spirited or uncouth; rather its conduct reflected a calculated plan to cause Ms. Watkins emotional harm.

41.    The alleged motive behind the Defendants conduct was retaliation for Ms. Watkins's being a black Veteran at a Trump rally. All of the acts attributed to the Defendants, taken together, were so outrageous as to be utterly intolerable in a civilized community.

42.    Mr. Watkins tried to contact Defendants in an effort to stop the harassment but the Mr. Anderson ignored all "innocent until PROVEN guilty

attitude and wrote the article and published it. He was not looking to gain facts. He also is not a Federal Bureau of Investigation employee or investigator in any federal, state, or local capacity.

## DAMAGES

36.   The false and defamatory the Defendant's article and post was published to third parties and was, in fact, viewed by third parties intentionally.

37.   The false and defamatory the Defendant's article and post was of and concerning Ms. Watkins, among other reasons, identified Ms. Watkins as a woman "posing" as a member of the media who got a job "interview" with President Trump.

38.   As a direct and proximate result of the false and defamatory statements about her in the Defendant's article, Ms. Watkins's personal reputation and her reputation have been permanently damaged.

39.   As a direct and proximate result of the false and defamatory statements about her in the Defendant's article, Ms. Watkins has suffered stress, emotional distress, embarrassment, humiliation, anger, and other mental pain and suffering.

40.   As a direct and proximate result of the false and defamatory statements about her in the Defendant's article, Ms. Watkins has suffered public hatred, contempt, scorn, and ridicule.

41.   As a direct and proximate result of the false and defamatory statements about her in the Defendant's article, Ms. Watkins has suffered special damages.

42.   As a result of the false and defamatory Defendant's article, Ms. Watkins

will not garner the respect she has earned as a female black member of the media

breaking the usual white male dominance.

43. As a result of the false and defamatory Defendant's article, Ms. Watkins has suffered emotional and psychological damage as a result of the Defendant's article. Ms. Watkins's family and friends have also shunned and sited the Defendant's article in their disparagement of Ms. Watkins.

44. Internationally, the false and defamatory Defendant's article follows her and she has lost out on several job opportunities that she otherwise would have obtained.

45. Indeed, prior to the false and defamatory Defendant's article, Ms. Watkins was highly sought after and respected individual. But no more. Other reporters took Defendant's article and used it as a reference to harass and bash Ms. Watkins.

46. In addition, prior to the false and defamatory Defendant's article, Ms. Watkins was sought after for community and philanthropic endeavors.

47. Ms. Watkins has been the recipient of multiple vile and hateful telephone posts that no wounded warrior should have to endure.

48. Ms. Watkins has received messages calling her repulsive names and expletive and has been ostracized by her family and friends.

49.   As a result of the false and defamatory Defendant's article, the community began viewing Ms. Watkins in a negative and shameful light.  As a result, Ms. Watkins have withdrawn from all activities she previously enjoyed.

50.   As set forth above, the Defendant's article is defamatory and libelous per se entitling Ms. Watkins to presumed damages.

51.   The conduct of Defendant's demonstrates willful misconduct and an entire want of care that raises a conscious indifference to consequences.

52.   Defendant's published the false and defamatory accusations with Constitutional actual malice thereby entitling Ms. Watkins to an award of punitive damages.

53.   Ms. Watkins is also entitled to an award of punitive damages from Defendant's in order to publish it for its unlawful conduct and to penalize and deter it from repeating such unlawful and egregious conduct to other veterans or citizens.

WHEREFORE, Ms. Watkins

**demands: (a) Trial by jury;**

**(b) That judgment be entered against the Defendant's for compensatory damages in an amount of not less than Twenty Million Dollars ($20,000,000.00);**

**(c) That judgment be entered against the Defendant's for punitive**

damages in an amount of not less than Ten Million Dollars

($10,000,000.00) to punish and penalize the Defendant's and deter

the Defendant's from repeating its

(d) That the Defendant's cease and desist from further publication of
the Defendant's article;

(e) That all costs of this action be assessed against Defendant's;and

(f) That this Court award such other relief as it deems equitable,
just, and proper.

Respectfully submitted this 31st day of March 2017.

Alicia Watkins

Pro Se

10221 River Rd #59717

Potomac, MD 20879

Justice4troops@gmail.com

240-778-2832